UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONOVAN PADDY, | )<br>)<br>) |
| Plaintiff, | )  3:08-CV-00236-LRH-RAM |
| v. | )<br>)  ORDER |
| DAVID MULKEY et al., | ) |
| Defendants. | ) |

Upon review of the parties' filings, the court is uncertain whether this case should be entertained without any showing that Plaintiff has exhausted his tribal remedies. *See Allstate Indem. Co. v. Stump*, 191 F.3d 1071, 1073 (9th Cir. 1999) ("A district court has no discretion to relieve a litigant from the duty to exhaust tribal remedies prior to proceeding in federal court."), *amended by* 197 F.3d 1031 (9th Cir. 1999). "Principles of comity require federal courts to dismiss or to abstain from deciding claims over which tribal court jurisdiction is 'colorable,' provided that there is no evidence of bad faith or harassment." *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 920 (9th Cir. 2008); *see also Philip Morris USA, Inc. v. King Mountain Tobacco Co.*, 552 F.3d 1098 (9th Cir. 2009); *Sharber v. Spirit Mountain Gaming Inc.*, 343 F.3d 974 (9th Cir. 2003). Because it appears tribal jurisdiction may be colorable, the court orders briefing on why this case should not be stayed while Plaintiff exhausts his tribal remedies.

///

1      IT IS THEREFORE ORDERED that Plaintiff is granted 30 days to file an opening brief.

2 Defendants are granted 20 days to file a response, and Plaintiff is granted 10 days to file a reply.

3      IT IS SO ORDERED.

4      DATED this 15th day of April 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE